**James Frederick DREW, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15440.**

United States Court of Appeals
Ninth Circuit.

Sept. 13, 1957.

James Frederick Drew, in pro per.

Charles P. Moriarty, U. S. Atty., Richard F. Broz, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HEALY and POPE, Circuit Judges, and EAST, District Judge.

PER CURIAM.

Appellant was convicted of a substantive Mann Act violation under Section 2422, Title 18 U.S.C., and of a conspiracy charge drawn pursuant to provisions of

Sections 371, 2421 and 2422, of the same Title. The two crimes of which Appellant was convicted were charged in two several indictments.

This appeal, in forma pauperis, is from an Order of the District Court denying Appellant's motion under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. for correction of his sentence.

On June 14, 1954, the Appellant was sentenced to four years imprisonment upon his plea of Guilty to the Mann Act charge. On August 9, 1954, while in the custody of the Attorney General, the Appellant was returned to the District Court and sentenced to five years beginning June 14, 1954, on the conspiracy charge to which the Appellant had entered a plea of guilty.

■ The United States Attorney moved for a correction of the second sentence which incorrectly directed that the term was to commence on June 14, 1954. On October 1, 1954, the motion was granted to the extent that the sentence on the conspiracy charge was corrected nunc pro tunc as of August 9, 1954, by changing the five year term to one of four years and ten months and, further, by deleting the words, "that the sentence should begin as of June 14, 1954."

The correction of the sentence dated August 9, 1954, by the District Court order on October 1, 1954, is correct and the sentence is valid. Rule 35, Federal Rules of Criminal Procedure.

It now appears that if Appellant earns maximum good-time allowance he would have been eligible for conditional release on parole as of April 1, 1958, under the sentence imposed on August 9, 1954. However, because of the reduction of the sentence of five years to a sentence of less than five years he cannot be eligible for such conditional release until April 15, 1958.

■ By reason of this reduction of good-time allowance Appellant contends that the corrective sentence of October 1, 1954, amounts to an increase of the sentence under date of August 9, 1954. This position is untenable. Whether or not Appellant will be entitled to any good-time allowance is an administrative action and determination by the Attorney General and has no bearing upon the validity of the original sentence.

The order of the District Court denying Appellant's motion for correction of sentence is affirmed.