726 P.2d 349

**John Kenneth ENRIGHT, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 16479.

Supreme Court of New Mexico.

Oct. 3, 1986.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Asst. Appellate Defender, Santa Fe, for petitioner.

Paul Bardacke, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FEDERICI, Justice.

Petitioner appealed from a district court order denying his NMSA 1978, Crim.P.Rule 57.1 (Repl.Pamp.1985) motion for allowance of good time credit for presentence confinement. Petitioner contended that the failure to allow good time credit for presentence confinement denied him equal protection of the laws under U.S. Const. amend. XIV and N.M. Const. art. II, Section 18, and subjected him to double jeopardy in violation of N.M. Const. art. II, Section 15. The Court of Appeals dismissed the appeal, holding that the failure to allow good time credit for presentence confinement did not result in imposition of an illegal sentence and that petitioner's motion was untimely under Rule 57.1. Petitioner filed in this Court a petition for writ of certiorari directed to the Court of Appeals, urging us to reconsider our holdings in *State v. Aqui*, 104 N.M. 345, 721 P.2d 771 (1986), and presenting the novel issue in New Mexico: whether the failure to allow good time credit for presentence confinement subjects prisoners to double jeopardy. We granted the writ of certiorari, noting probable inconsistencies between *Aqui* and the memorandum opinion of the Court of Appeals. We agree with the result reached by the Court of Appeals, but on different grounds.

In *Aqui,* we held that New Mexico's statutory scheme, which does not allow good time credit for presentence confinement, does not offend the equal protection and due process guarantees of the New Mexico and United States constitutions. We also held in *Aqui* that the district courts do not have jurisdiction under Rule 57.1 to entertain motions to award good time credit for presentence confinement.[1] *Aqui* disposes of petitioner's contention that the failure to allow good time credit for presentence confinement denied him equal protection of the laws. At the same time, *Aqui* undercuts the rationale of the Court of Appeals because the Court of Appeals assumed, contrary to *Aqui,* that the district court might have jurisdiction under Rule 57.1 to entertain a motion to award good time credit for presentence confinement.[2] *Aqui* did not, however, specifically address whether the failure to allow good time credit for presentence confinement subjects prisoners to double jeopardy.

Petitioner argues that good time is time *earned* by a presentence confinee. As time earned, it is the equivalent of time served. Because petitioner has "served" his good time, he argues that the failure of the New Mexico statutes and courts to grant him credit for presentence confinement good time exacts multiple punishments for the same offense and thus subjects him to double jeopardy. *See North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Petitioner relies on *Pruett v. Texas,* 468 F.2d 51 (5th Cir.1972), *aff'd in part, modified in part,* 470 F.2d 1182 (5th Cir.) (en banc), *aff'd without opinion,* 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973), in which the Fifth Circuit held that under Texas law an award of good time is time earned. The Court of Appeals distinguished *Pruett* and rejected

petitioner's double jeopardy argument, noting that the New Mexico statutes differ substantially from Texas law and that in New Mexico good time awards are not time "served" because they may be forfeited by subsequent conduct.

Petitioner's double jeopardy argument would circumvent this Court's holding in *Aqui.* Under *Aqui,* the district courts do not have jurisdiction under Rule 57.1 to entertain motions to award good time credit for presentence confinement.[3] The portion of Rule 57.1 dealing with illegal sentences, however, is directed inter alia, to sentences which violate double jeopardy. *See* 8A J. Moore, *Moore's Federal Practice* ¶ 35.03 (2d ed. 1986). Thus, by characterizing New Mexico's statutory scheme, which does not allow good time credit for presentence confinement, as subjecting prisoners to double jeopardy, petitioner would invoke the district court's jurisdiction under Rule 57.1 in spite of *Aqui.*

In *Aqui* this Court held that New Mexico's statutory scheme does not offend the equal protection and due process guarantees of the New Mexico and United States constitutions. Because petitioner is not constitutionally entitled to an award of good time credit for presentence confinement, and because New Mexico's statutory scheme does not allow good time credit for presentence confinement, petitioner never earned good time credit for presentence confinement. He likewise never "served" good time during presentence confinement and therefore was not subjected to double jeopardy.

Furthermore, as the Court of Appeals correctly pointed out, *Pruett* is not on point. The prisoner in *Pruett* had been convicted and was awarded good time credit for the time spent in jail pending appeal. As we pointed out in *Aqui:* "It is reason-

---

**1.** Rules 57 and 57.1 were substantially amended effective March 1, 1986. The amendments have only prospective effect. This case deals with pre-amendment Rule 57.1.

**2.** The Court of Appeals filed its memorandum opinion on June 10, 1986. The *Aqui* opinion was not filed until June 24, 1986. This explains

the inconsistencies between the rationale of the Court of Appeals and *Aqui.*

**3.** Rule 57.1 provides in pertinent part: "The district court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within [thirty days after the sentence is imposed]."

able not to award good time credits for presentence confinement to detainees who are presumed innocent and therefore are not yet subject to rehabilitation efforts...." *Aqui,* 104 N.M. at 349–50, 721 P.2d at 775–76. The Fifth Circuit has recognized the distinction between time served pursuant to a conviction and sentence (*Pruett*) and time served prior to trial and sentencing (*Aqui* and the present case). In *Bayless v. Estelle,* 583 F.2d 730 (5th Cir. 1978), *cert. dismissed,* 441 U.S. 938, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979), the court noted that the presentence period is beyond the scope of *Pruett.*

Although the result reached by the Court of Appeals, i.e., dismissal of petitioner's appeal, is consistent with *Aqui,* its rationale is not in accord with *Aqui.* We reiterate that New Mexico's statutory scheme, which does not allow good time credit for presentence confinement, does not offend the equal protection and due process guarantees of the New Mexico and United States constitutions, and that the district courts do not have jurisdiction under Rule 57.1 to entertain motions to award good time credit for presentence confinement. We hold, consistent with the rationale expressed in *Aqui,* that failure to allow good time credit for presentence confinement does not subject a prisoner to double jeopardy. Based upon the foregoing, we vacate the memorandum opinion of the Court of Appeals. The petitioner's appeal is dismissed.

IT IS SO ORDERED.

RIORDAN, C.J., and STOWERS, J., concur.

SOSA, Senior Justice, and WALTERS, J., dissenting.

WALTERS, Justice (dissenting).

For reasons stated in my dissent to *Aqui* and in the Court of Appeals' Opinion in that case, I dissent.

SOSA, Senior Justice, concurs.