This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 29,841**

**JULIE STANFIL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from the district court's order denying her motion to modify

her sentence. We proposed to affirm in a notice of proposed summary disposition, and pursuant to an extension, Defendant has filed a timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we affirm.

**CREDIT FOR TIME SERVED PRIOR TO TRANSFER TO THE NM DEPARTMENT OF CORRECTIONS (DOC)**

Defendant claims that the district court erred in refusing to modify her sentence to correctly reflect the time served while in the Otero County Detention Center (OCDC) after she was sentenced on December 22, 2008, but before she was transferred to the DOC on February 9, 2009. [DS 1-2; MIO 2-3] We review sentencing issues for abuse of discretion to determine if the sentence imposed is authorized by law. *See State v. Cumpton*, 2000-NMCA-033, ¶ 10, 129 N.M. 47, 1 P.3d 429.

Under NMSA 1978, Section 31-20-12 (1977), a defendant held in "official confinement" is entitled to presentence confinement credit. *See State v. Clah*, 1997-NMCA-091, ¶ 9, 124 N.M. 6, 946 P.2d 210. In the judgment and sentence, the district court credited Defendant with the time spent in presentence confinement from October 22, 2008 to December 22, 2008, but did not credit Defendant for time served in the OCDC after December 22, 2008, until the judgment and sentence was filed January 29, 2009, and she was transferred to the DOC on February 9, 2009. [RP 49] Defendant filed a motion to amend the judgment and sentence to include

preconfinement credit for the time between December 22, 2008 until February 9, 2009 and claims that the district court erred in refusing to amend her sentence to add this credit. [RP 54; MIO 3] We disagree.

In our notice of proposed summary disposition, we agreed with Defendant that she is entitled to credit for the entire time she was in the OCDC before being transferred to the DOC. However, we proposed to hold that the sentence entered by the district court on December 22, 2008 does not deprive her of that credit because Defendant's sentence "took effect" on December 22, 2008, meaning that each day served after December 22 counts toward satisfying the term of Defendant's entire sentence. *See* NMSA 1978, § 33-2-38 (1999) (stating that a defendant's term of incarceration "shall be computed from and include the day on which [the defendant's] sentence took effect" while noting that this section is not intended "to deprive a prisoner of any reduction of time to which he may be entitled pursuant to the provisions of [NMSA 1978, Sections 31-20-11 (1967), 31-20-12 (1967), and 33-2-34 (2006)]").

In our notice, we directed Defendant's attention to this Court's opinion in *Clah*. In *Clah*, the district court entered a commitment order on December 11, requiring the defendant to begin serving his term of imprisonment on December 27 in the San Juan County Detention Center, and the defendant appeared and started serving his sentence

3

on that day. 1997-NMCA-091, ¶ 3. The district court did not enter the formal judgment and sentence until February 6 when it sentenced the defendant to the DOC for a period of eighteen months, but suspended a portion and required the defendant to serve 364 days in the San Juan County Detention Center. *Id.* ¶¶ 3, 5. In discussing the credit to which the defendant was entitled, this Court noted that the defendant started serving his sentence on December 27, and thus any time after that date could not be considered "presentence credit." *Id.* ¶ 17.

Defendant claims that our proposed reliance on *Clah* is misplaced because in that case the defendant was never transported to the DOC so the issue of whether the time between sentencing and arrival at the detention facility was not considered. [MIO 3] We are unpersuaded that the factual differences in *Clah* warrant a different result.

In this case, as in *Clah*, the time served by Defendant after sentencing should not be considered presentence confinement but instead be considered time served on her sentence. *See* § 33-2-38. Therefore, the district court did not need to modify Defendant's sentence to grant presentence confinement for the time period before she was transferred to the DOC.

**GOOD TIME CREDIT FOR TIME SERVED IN THE OCDC**

Defendant also claims that the district court erred in refusing to award her good

4

time credit for the time she served in the OCDC pending transfer to the DOC. [MIO 3-6; DS 5] As more fully discussed in our notice of proposed summary disposition, good time credits for sentences served in the OCDC are governed by the Earned Meritorious Deductions Act (EMDA), NMSA 1978, § 33-2-34 (2006). As Defendant concedes, the determination of the amount of good time credits earned by an inmate is an administrative matter that is not part of the judgment and sentence. *See State v. Rudolfo*, 2008-NMSC-036, ¶ 37, 144 N.M. 305, 187 P.3d 170. A sentencing court's only role in administering the EMDA is making the initial determination of whether a given offense constitutes a serious violent offense such that good time credits are limited. *See id.*; § 33-2-34(A)(1). The courts have no other role in administering the EMDA or in determining the amount of good time that a defendant may earn as to any offense. *Rudolfo*, 2008-NMSC-036, ¶ 37.

In our notice of proposed summary disposition, we proposed to hold that the district court did not err in refusing to modify Defendant's sentence in order to grant her good time credit for the time served in the OCDC because it is not the sentencing court's function to determine the amount of good time credits to be awarded. *Cf. id.* ¶¶ 38-39 (striking in its entirety the portion of the defendant's sentence regarding eligibility for good time credits because none of the convictions required the court to determine if they were serious violent offenses, and, thus, "there was no role for the

court to perform in this case with respect to good time eligibility"). In our proposed notice, we also recognized that a defendant sentenced to a county jail such as the OCDC may also be entitled to good time credit. *See* NMSA 1978, § 33-3-9(A) (1995) (stating that the jail administrator "with the approval of the committing judge or presiding judge," grants credit against a prisoner's sentence for good behavior and establishes the rules for accrual of good time credits); *cf. State v. Wyman*, 2008-NMCA-113, ¶ 7, 144 N.M. 701, 191 P.3d 559 (recognizing that although the sentencing judge must permit the opportunity to earn good time credit, the procedures established by the jail administrator govern the award and revocation of the inmate's credit), *cert. granted*, 2008-NMCERT-008, 145 N.M. 255, 195 P.3d 1267. However, we proposed to hold that because Defendant was sentenced to serve her time in the DOC, she was not entitled to good time credit for her time in the OCDC. *Cf. State v. Aqui*, 104 N.M. 345, 349-50, 721 P.2d 771, 775-76 (1986) (recognizing that New Mexico's statutory scheme does not allow good time credit for presentence confinement and that district courts do not have the jurisdiction to award good time credit for presentence confinement), *limited in part on other grounds by Brooks v. Shanks*, 118 N.M. 716, 719-20, 885 P.2d 637, 640-41 (1994).

Defendant seeks to distinguish *Aqui* because that case only concerns whether a defendant is entitled to good time credits for time served before sentencing. [MIO

6

5-6] *See generally Aqui*, 104 N.M. at 346-50, 721 P.2d at 772-76.  She argues that she is being deprived of good time credit for the "limbo time" between sentencing on December 22 and her arrival at the DOC on February 6.  [MIO 4]  She notes that Section 33-2-34 does not address this "limbo time" while a defendant awaits transport or entry of the judgment and sentence and claims she is being unfairly deprived of this time, which she earned during this interim period.  [MIO 4]  She further notes that the OCDC administrator, Captain Jenkins, made a determination that Defendant was entitled to good time credits against her sentence commencing on December 22, based upon her good behavior while incarcerated in the OCDC.  [MIO 4; RP 62, 71]  She then argues that the district court erred in refusing to award good time credits by failing to recognize Captain Jenkins' determination in its judgment and sentence and in assuming that the DOC would properly allot the good time.  [MIO 4]

Assuming without deciding that Defendant could be entitled to good time credit for the time spent in the OCDC after sentencing but before transport, we nonetheless are not persuaded that the district court erred in refusing to amend Defendant's sentence to award good time credits for this time period.  We agree that *Aqui* does not control in this case because the defendants in *Aqui* were not in a limbo situation but instead seeking good time credits for presentence confinement.  [MIO 5-6]  However, unless and until the DOC determines the amount of good time credits to which

7

Defendant is entitled, we are of the opinion Defendant has stated no grounds for relief based on her contentions that the district court should have awarded the good time credit. *See Rudolfo*, 2008-NMSC-036, ¶¶ 38-39.

If Defendant is entitled to any relief, it must come pursuant to a habeas corpus petition that Defendant may file after DOC officials have denied her good time credits. [MIO 1; RP 62] *Cf. Lopez v. LeMaster*, 2003-NMSC-003, ¶ 23, 133 N.M. 59, 61 P.3d 185 (filed 2002) (stating that habeas corpus relief extends to prison disciplinary proceedings based on an inmate's liberty interest in good-time credits); *Brooks*, 118 N.M. at 717-18, 885 P.2d at 638-39 (reversing the dismissal of a petition for habeas corpus in recognition that the defendant had a right to judicial review of the DOC's decision to deprive him of good time credits because deprivation of good time credits must be accomplished in compliance with statutory and regulatory requirements); *Wyman*, 2008-NMCA-113, ¶ 6 (recognizing that *Brooks* pertains to the forfeiture of earned good time credits and whether prison officials complied with procedural due process in depriving an inmate of credit earned, not the discretion of a sentencing judge to award or deny the opportunity to earn good time credits). To summarize, at this juncture we need not decide whether Defendant is entitled to good time credits for the time served in the OCDC after sentencing but before transport. [MIO 5]

For the foregoing reasons as well as those set forth in our notice of proposed

disposition, we affirm the district court's denial of Defendant's motion to modify her sentence.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**