This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                 **NO. 30,506**

**RHONDA TRUJILLO,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Rhonda Trujillo
Grants, NM

Pro se Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Pro se Defendant filed a docketing statement with this Court claiming that the sentence imposed for her convictions for two counts of homicide by vehicle and one count of child abuse was an illegal sentence.  We proposed to dismiss in a calendar notice, and Defendant has responded with a memorandum in opposition.  We have considered Defendant's arguments, but we are not persuaded by them.  We therefore dismiss the appeal.

Defendant entered a plea of guilty to the charges in this case.  [RP 109]  *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994) (stating that a plea of guilty or nolo contendere waives any objection to prior defects in the proceedings and waives statutory and constitutional rights, including a right to appeal); *see also State v. Dominguez*, 2007-NMSC-060, ¶ 14, 142 N.M. 811, 171 P.3d 750 (holding that the defendant failed to preserve his objection to his guilty plea because he failed to move to withdraw his plea).  The district court determined that the two charges of homicide by vehicle were serious violent offenses.  [RP 110]  The district court did not enter findings supporting its determination that the offenses were serious violent offenses as discussed in *State v. Morales*, 2002-NMCA-016, ¶ 16, 131 N.M. 530, 39 P.3d 747.  The judgment and sentence was filed on July 14, 2009.  [RP 109]

Defendant did not move to withdraw her plea, and she did not file a notice of appeal from the judgment and sentence.  Instead, she filed a motion on October 7,

2

2009, asking the district court to reconsider its determination that two of the charges were serious violent offenses. [RP 113] Defendant claimed that the district court should exercise its discretion to reconsider its designation of the charges as serious violent offenses because Defendant had entered a plea "in an effort to assume full responsibility for this incident and to not burden either the Sate or the victim's (sic) family (sic) with the trauma and expenses of a trial." [RP 114] The State, in its response, referred to evidence that could support the determination that the offenses were serious violent offenses. [RP 119] The district court did not enter an order on Defendant's motion. The case came to this Court when Defendant filed her docketing statement. On appeal, for the first time, Defendant claims that her sentence is illegal because the district court made no finding under *Morales* that the offenses were committed with an intent to do serious bodily harm. *See* NMSA 1978, § 33-2-34 (L)(4)(o) (2006) (explaining earned meritorious deductions).

**Notice of Appeal**

Initially, we note that Defendant filed no notice of appeal in the district court in this case, either from the judgment and sentence or based on the filing of the motion to reconsider her sentence. Under Rules 12-201(A)(2) and 12-202(A) NMRA, a notice of appeal must be filed within thirty days of the judgment and must be filed with the district court clerk. Defendant filed a notice of appeal with this Court almost

3

one year after the judgment and sentence was filed. [Ct. App. File] However, the notice filed with this Court was not timely and was not filed in the district court as required by our appellate rules. In addition, although Defendant claims that she has now sent a notice of appeal to the district court, the referenced pleading is not in the record. *Cf. State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (stating that court may not consider matters not of record).

We are aware that, in certain criminal cases, there is a conclusive presumption of ineffective assistance of counsel where a notice of appeal is not filed within the time limit required. *State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986). However, that presumption is not extended to cases such as this where a defendant has entered a guilty or no contest plea. *See State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990). In addition, Defendant has chosen to represent herself in this appeal, and Defendant cannot rely on the presumption that the defects regarding her notice of appeal was due to ineffective assistance of counsel. *Cf. Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar"). We hold that, because a timely notice of appeal from the judgment and sentence was not filed by Defendant, the appeal should be dismissed.

4

**Motion to Reconsider Sentence**

It is not clear to this Court under what authority Defendant filed the motion to reconsider her sentence. To the extent that the motion was filed pursuant to NMSA 1978, Section 39-1-1 (1917), it was not filed within thirty days after the judgment and sentence was entered in this case. Therefore, we hold that the district court had lost control over the case and could not hear a motion under Section 39-1-1. To the extent that Defendant's motion was filed pursuant to Rule 5-801 NMRA, it was filed within the required ninety-day time limit. However, our Supreme Court has held that earned meritorious deductions under Section 33-2-34 is an administrative responsibility and have no bearing on the validity of the original sentence imposed. *State v.Aqui*, 104 N.M. 345, 348, 721 P.2d 771, 774 (1986), *limited in part on other grounds by Brooks v. Shanks*, 118 N.M. 716, 719-20, 885 P.2d 637, 640-41 (1994). The Court in *Aqui* stated that claims of entitlement to meritorious deductions challenge the execution of a sentence, not the sentence itself, and such claims cannot be brought under Rule 5-801. *Aqui*, 104 N.M. at 348, 721 P.2d at 774. We hold that Defendant's motion could not be brought under Rule 5-801, and her claim that the sentence imposed by the district court was illegal due to the effect on her opportunity to earned meritorious deductions must fail. Based on the fact that Defendant's motion would have been untimely under Section 39-1-1 and the fact that the motion could not be categorized

as a motion under Rule 5-801, as well as the Supreme Court's holding in *Aqui* that factors under Section 33-2-34 have no bearing on the validity of the original sentence imposed, we hold that Defendant's appeal should be dismissed.

For the reasons discussed in this opinion and those included in our calendar notice, we dismiss Defendant's appeal.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**