This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **NO. 32,665**

**JOHNNY CANDELARIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**FREDDIE J. ROMERO, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Johnny Candelaria
Santa Rosa, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appealed from the district court's order denying his motion to

amend his judgment and sentence. Defendant raised three issues on appeal. This Court issued a calendar notice proposing summary affirmance on all three issues. Defendant has filed a memorandum in opposition challenging our proposed summary affirmance with respect to Issue 1. Defendant does not challenge this Court's proposed disposition with respect to Issue 2 or 3. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (providing that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue). Accordingly, with respect to Issues 2 and 3, we rely on the reasoning contained in this Court's notice of proposed disposition, and summarily affirm.

{2} With respect to Issue 1, this Court proposed to conclude that the district court was without jurisdiction to add Defendant's trustee good time credit to his pre-sentence confinement credit. [DS 2] In his memorandum in opposition, Defendant contends that the district court lost jurisdiction because it failed to include the good time credit in the judgment and sentence. However, this Court's proposed disposition was not premised on the district court losing jurisdiction due to the entry of a final order. Rather, this Court's notice of proposed disposition was premised on our Supreme Court's holding in *State v. Aqui*, 104 N.M. 347, 348, 721 P.2d 771, 772 (1986), that "the deduction of good time credits from an inmate's sentence is a

discretionary matter entrusted not to the courts but to the administrators of the Corrections Department or the county jails. The computation of good time credits is exclusively an administrative responsibility[.]" (citation omitted.) Because Defendant has not demonstrated that this Court's proposed conclusion that the allocation of good time credit is an administrative matter over which the district court had no authority was in error, we affirm the district court's denial of Defendant's motion to amend his judgment and sentence. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982) ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

{3} For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{4} **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**

_____

**LINDA M. VANZI, Judge**