This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 33,014**

**DOUGLAS KEITH CROSBY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**William H. Brogan, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Defendant appeals for the sole purpose of requesting that the district court amend his judgment and sentence by inserting language that would authorize the Department of Corrections (the Department) to award him "good time" credit for pre-sentence time he spent incarcerated in the custody of the Department. In our notice of proposed summary disposition, we noted that the handling of good time credit is an independent administrative responsibility of the Department, and proposed to affirm on the basis that the inclusion of the language requested by Defendant would have no effect upon his sentence.

{2} In his memorandum in opposition, Defendant continues to assert "that without some acknowledgment by the district court that the Department has the authority to do so, the Department may not give him good-time credit for his presentence confinement time." [MIO 5] Nothing in the record of this case discloses the source of Defendant's concern that the Department will not follow its own rules for the administration of good time credits, which include procedures for the award of credit for probation violators who participate in a work or program assignment while in the custody of the Department. *See* New Mexico Corrections Department Policy CD-080401, *available at*: http://www.corrections.state.nm.us/policies/policies.html.

{3} In any event, it does appear that good time credits are available for inmates who are in the custody of the Department and participating in program assignments during

2

their pre-sentence incarceration. As this Court's notice of proposed summary disposition noted, however, Defendant's docketing statement offered no reason to suspect that "the Department will not determine the proper amount of good time credit to award Defendant in connection with his incarceration prior to sentencing." [CN 3] Defendant's memorandum in opposition still does not offer any reason to expect that the Department will fail to award proper good time credits pursuant to its existing policies.

{4}	Defendant does not assert that authorization from the district court is necessary for the Department to award the good time credit he seeks. To the contrary, Defendant continues to assert that the Department has the necessary authority and that he merely seeks a statement from the district court affirming that authority. Our notice of proposed summary disposition agreed that inmates who are in the custody of the Department as the result of a probation violation may be awarded good time credits if they participate in program assignments and are otherwise eligible. [CN 2] We also agree with Defendant that *State v. Aqui* dealt with a substantively different situation because the defendants in that case were not in the custody of the Department during their pre-sentence incarceration. 1986-NMSC-048, ¶ 4, 104 N.M. 345, 721 P.2d 771.

{5}	We nonetheless proposed to affirm on the basis that the relief Defendant seeks would have no effect on his sentence. [CN 4] Defendant's memorandum in opposition

continues to assert that the Department already has the authority to grant good time credits for incarceration prior to sentencing. We agree that the Department has that authority. We are not persuaded, however, that Defendant has been prejudiced by the district court's decision not to include language to that effect in the judgment and sentence.

{6} Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment and sentence entered by the district court.

{7} **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**