**Paul LEMIEUX, Petitioner–Appellant,**

v.

**Dareld KERBY, Respondent–Appellee.**

No. 90–2253.

United States Court of Appeals,
Tenth Circuit.

April 26, 1991.

---

Paul Lemieux, pro se.

Tom Udall, Atty. Gen. of New Mexico, Katherine Zinn, Asst. Atty. Gen., Santa Fe, N.M., for respondent-appellee.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

We grant the appellant's application for certificate of probable cause.

The appellant, Paul Lemieux, appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. Lemieux raises one issue for this court to consider:[1] whether a New Mexico sentencing statute that authorizes a sentence reduction (credit) for post-sentencing "good time" served but does not authorize credit for pre-sentencing "good time" served is unconstitutional. The United States District Court for the District of New Mexico denied Lemieux's petition. We affirm.

## FACTS

On March 28, 1988, Lemieux was convicted for the offense of Criminal Sexual Penetration in the Second Degree in New Mexico State Court. The New Mexico court set Lemieux's sentence at eight years. The state court credited Lemieux with 314 days for time spent in county jail prior to his incarceration in the New Mexico State Prison system. Lemieux claims that he is enti-

tled to an additional 104 days "good time" credit stemming from the time he spent in the county jail. Under New Mexico law, "good time" credit cannot be earned during time served in county jail prior to incarceration in the state prison stemming from a felony conviction. *See State v. Aqui*, 104 N.M. 345, 721 P.2d 771, 775 (1986), *cert. denied*, 479 U.S. 917, 107 S.Ct. 321, 93 L.Ed.2d 294 (1986). Instead, "good time" credit can only be earned once the prisoner is placed in state prison following his felony conviction. *Id.*

Lemieux notes that if he had posted bail, his entire eight year term would have been served at the state prison, and that under N.M.Stat.Ann. § 33–2–34(A), he would have been eligible to earn "good time" credit during the entire eight years. However, because he was unable to make bail, Lemieux served 314 days of his eight year sentence in county jail prior to his conviction and incarceration in the state prison.[2] Thus, because he will have served part of his eight year sentence in county jail, the actual time he will serve may be longer than the actual time he would have served had he been able to make bail. Because indigent defendants generally are unable to make bail and, thus, commonly serve part of their sentence in county jail, Lemieux complains that the New Mexico sentencing scheme unconstitutionally penalizes indigent prisoners.

Lemieux petitioned unsuccessfully for state habeas relief. Upon exhausting his state remedies, he petitioned for federal habeas relief to the United States District Court for the District of New Mexico. His request was denied. Lemieux then lodged this appeal.

## DISCUSSION

Lemieux claims that the New Mexico sentencing scheme violates the Equal Pro-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

2. Under N.M.Stat.Ann. § 31–20–12 a prisoner receives credit for time served in jail prior to his conviction.

tection Clause as well as the Due Process Clause of the Constitution. The New Mexico Supreme Court has rejected this very argument. *State v. Aqui*, 721 P.2d at 777.[3] The New Mexico Supreme Court relied heavily on *McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). In *McGinnis*, the Supreme Court upheld the constitutionality of a similar New York statutory sentencing scheme. Because we are convinced that the New Mexico Supreme Court correctly applied *McGinnis* when it reviewed the New Mexico sentencing statutes, we must reject Lemieux's petition.

*McGinnis* evaluated the constitutionality of the New York sentencing statutes under the Equal Protection Clause.[4] The Court recognized that the New York sentencing scheme may have caused indigent defendants who could not make bail to serve longer actual time in jail than those defendants who were able to make bail. However, the Court held that so long as the sentencing scheme had some rational purpose, the scheme would be upheld. *McGinnis*, 410 U.S. at 270, 93 S.Ct. at 1059. New York argued that its "good time" credit policy was directed towards rehabilitating defendants. The state claimed that only its state prisons, and not its county jails, had rehabilitative facilities. Thus, the state claimed, and the Supreme Court agreed, that it was rational to allow "good time" credit to accrue only for time served in the state prisons. *Id.* at 271, 93 S.Ct. at 1060.

Lemieux claims that under the New Mexico statute, the purpose behind allowing prisoners to earn "good time" credit is not to help rehabilitate prisoners, but is simply to maintain prison order by encouraging good behavior. Lemieux points out that the sentencing scheme explicitly provides "bonus good time" credit to inmates for efforts expended in education or participation in various work or service activities. § 33-8-14. Thus, Lemieux argues that the statute itself distinguishes between two different goals: maintaining discipline ("good time" credit) and rehabilitation ("bonus good time" credit). Because Lemieux is claiming entitlement only to "good time" credit, not the "bonus good time" credit, he argues that *McGinnis* is not applicable.

We begin by noting that even if the primary purpose behind § 33-2-34, the "good time" credit provision, is to encourage good behavior as a means of keeping order, such a goal is not inconsistent with a legislative desire to rehabilitate society's criminals. Certainly a key component of any successful rehabilitation is helping inmates learn how to properly behave. Therefore, even if Lemieux's claim that "good time" credit is to encourage good behavior, we cannot say that the New Mexico Supreme Court incorrectly interpreted the purpose behind providing "good time" credit as being one of rehabilitation. *See McGinnis*, 410 U.S. at 276–277, 93 S.Ct. at 1062–63. Further, the plain language of the "good time" provision belies Lemieux's claim that the "good time" provision was not designed to encourage good working habits:

Any inmate confined in the penitentiary ... may be awarded a deduction of not more than thirty days per month upon recommendation of the classification committee and approval of the ward-

---

3. Lemieux complains that the New Mexico Supreme Court wrongly interpreted § 33-2-34(A) as not allowing "good time" credit to accrue before conviction. The New Mexico Supreme Court is responsible for interpreting the meaning of New Mexico statutes. Therefore, we must decline Lemieux's invitation to adopt an alternative interpretation of § 33-2-34(A).

4. Lemieux claims that *McGinnis* was overruled by *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1982), in which the Supreme Court analyzed the effect of a Georgia probation revocation statute on indigent probationers under the Due Process Clause. We dis-

agree. In *Bearden*, the Court court applied the "fundamentally unfair or arbitrary" test to hold that a probationer's probation could not be revoked simply because he was unable to pay a fine. Nowhere in *Bearden* did the Court even mention *McGinnis*, let alone that it was overruling *McGinnis*. Furthermore, the *Bearden* Court said that "[d]ue process and equal protection principles converge in the Court's analysis in these cases." *Id.* 461 U.S. at 665, 103 S.Ct. at 2068. Thus, we presume that the result would be the same whether the analysis is under the Due Process Clause or the Equal Protection Clause.

en; *provided that an inmate who ... disobeys an order to perform labor ... shall not be eligible for meritorious deductions.*

See § 33–2–34 (1990).[5] We are satisfied that § 33–2–34 serves a rational purpose of rehabilitating criminals, a process which cannot logically begin until after a conviction has been obtained. *Cf. McGinnis,* 410 U.S. at 273, 93 S.Ct. at 1061 ("Further, it would hardly be appropriate for the State to undertake in the pretrial detention period programs to rehabilitate a man still clothed with a presumption of innocence."). Therefore, we agree with the New Mexico Supreme Court that under *McGinnis,* § 33–2–34 is not unconstitutional.

The district court's decision to deny the appellant's petition for habeas relief is AFFIRMED.

---

5. We note that § 33–2–34 has been amended since *Aqui* was decided. However, Lemieux does not contend that these amendments are relevant to a determination of the merits of his petition.