**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT McDANIEL-ORTEGA, JR.,

Petitioner - Appellant,

v.

JOE WILLIAMS, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL STATE OF
NEW MEXICO,

Respondents - Appellees.

No.98-2142
(D. Ct. No. CIV-97-672-JP/JHG)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **TACHA**, and **EBEL**, Circuit Judges.

Petitioner Robert McDaniel-Ortega was convicted of various crimes in

three separate New Mexico state court proceedings. After one sentencing

proceeding, authorities incarcerated petitioner in county jail for several months

while he awaited sentencing in another proceeding and revocation of probation

from a prior offense. Petitioner sought a transfer to the state penitentiary during

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this time so that he could earn good time credit against his sentence. However, he was held in county jail until sentenced in the other two proceedings. Petitioner brought this habeas corpus petition pursuant to 28 U.S.C. § 2254, claiming that New Mexico's failure to transfer him to the state penitentiary immediately after his first sentencing deprived him of the opportunity to earn good time credits for several months, in violation of the Due Process and Equal Protection Clauses of the Constitution. The district court granted respondent's motion to dismiss. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253. We affirm.

## Background

McDaniel-Ortega's claim arises out of his detention in county jail while awaiting sentencing for multiple convictions in New Mexico state courts. In 1990, petitioner pled guilty to various charges in Dona Ana County, New Mexico and received suspended sentences and probation. In 1993, authorities in both Chaves County, New Mexico, and Dona Ana County charged him with additional and separate offenses. Petitioner was tried and convicted in Dona Ana County in early December 1993 and then transferred to Chaves County, where he pled guilty and received sentence on December 6, 1993. Authorities transferred McDaniel-Ortega back to Dona Ana County on December 27 for sentencing. The Dona Ana court sentenced McDaniel-Ortega on March 17, 1994, but authorities continued to hold him in county jail because of ongoing probation revocation proceedings in

the county stemming from his 1990 convictions. The court reinstated McDaniel-Ortega's suspended 1990 sentences on October 28, 1994.[1] The state thereafter transferred petitioner to the state penitentiary to serve his sentences.

Petitioner claims that his sentences of December 6, 1993, and March 17, 1994, contained orders to transfer him to the state penitentiary, where he could have earned good behavior credits against those sentences. Notwithstanding these orders, the state kept him in county jail, where he purportedly could not receive good time credits. Thus, petitioner argues that New Mexico's failure to transfer him to the penitentiary immediately after sentencing improperly deprived him of his liberty interest in earning good time credits in violation of the Due Process Clause of the Fourteenth Amendment. Petitioner also claims an Equal Protection violation because prisoners in the penitentiary could earn good time credits, while he could not.

The district court, adopting the recommendation of the magistrate judge, found that the opportunity to earn good time credits in this case implicated no liberty interests covered by the Due Process Clause. Therefore, it dismissed the case. We review the district court's denial of a habeas corpus petition de novo. See Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir. 1994).

---

[1]One reason for the long delay in the probation revocation proceeding appears to be that petitioner's counsel raised questions about his client's competency, leading the court to arrange for a full-scale psychological competency evaluation.

**I.**

As an initial matter, New Mexico argues that petitioner failed to exhaust his claim in state court, as required by 28 U.S.C. § 2254(b)(1), because he changed the nature of his claim in federal court.  In order to exhaust state remedies, a habeas corpus petitioner must "present the state courts with the same claim he urges upon the federal courts."  Picard v. Connor, 404 U.S. 270, 276 (1971); see also, e.g., Duncan v. Henry __ U.S. __, 115 S. Ct. 887, 888 (1995); Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989).  This requirement protects federal-state comity and prevents "'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution.'"  Picard, 404 U.S. at 275 (quoting Ex parte Royall, 117 U.S. 241, 251 (1886)).

Respondent asserts that petitioner's state habeas corpus theory, characterized by respondent as a due process right to transfer between county jail and the state penitentiary, has metamorphisized on appeal to this court into the denial of a state-created liberty interest in good time credits.  Respondent thus argues that petitioner failed to present the latter theory to the state court clearly enough to put the state on notice as to the nature of his claim.  We disagree.

Petitioner acted pro se until after filing his habeas petition in federal

district court.[2]  We must therefore construe his initial pleadings liberally.  See, e.g., Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Applying this rule, we find that petitioner claimed during state court proceedings that New Mexico's failure to transfer him to the state penitentiary deprived him of an opportunity to earn credits in violation of due process and equal protection.  Petitioner presents essentially the same argument to this court.  Thus, his appeal is not barred by failure to exhaust.  See Bowser, 20 F.3d at 1063 (finding petitioner's state court appeal asserted federal rights that, though in somewhat general terms, were "sufficiently discernable to fairly apprise the Colorado Court of the federal nature of [his] claims."); Nichols, 867 F.2d at 1252-53 (finding change in labeling of due process claim between state and federal petitions, plus inclusion of additional facts in federal petition, did not create a fundamentally new argument that the state courts had not had the opportunity to consider).  That petitioner did not present his claim to the state in exactly the same terms or with the degree of sophistication as he presents it here is not dispositive.  "[F]ailure to invoke talismanic language . . . should not be the basis for a finding of nonexhaustion." Nichols, 867 F.2d at 1252; see also Bowser, 20 F.3d at 1063.

## II.

---

[2]The district court appointed counsel after respondent filed a motion to dismiss and the court determined that petitioner had exhausted his state remedies.

Petitioner claims that New Mexico violated his constitutional liberty interest in access to good time credits by failing to transport him to the state penitentiary. We find petitioner had no constitutional liberty interest at stake.

While the Due Process Clause itself does not create a liberty interest in good time credits, a state statute may establish such an interest to which constitutional due process requirements would apply. See Sandin v. Conner, 515 U.S. 472, 477-78, 483-84 (1995); Wolf v. McDonnell, 418 U.S. 539, 557 (1974). The Supreme Court recently clarified that we must look to the nature of the alleged deprivation in determining the type of liberty interests cognizable in this area. Liberty interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. In Sandin, a prisoner sought to challenge a disciplinary proceeding on procedural grounds, arguing that he had a liberty interest in being free from unfair disciplinary segregation, see id. at 475-76, and from having that punishment affect his chance for parole, see id. at 487. The Court rejected this claim, finding that prison discipline and punishment are ordinary conditions of prison life and not atypical hardships. See id. at 486. Elaborating on what might constitute such a hardship, the Court found the punishment at issue also did not:

> present a case where the State's action will inevitably affect the duration of [a prisoner's] sentence. Nothing in Hawaii's code

> requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration. The decision to release a prisoner rests on a myriad of considerations.

Id. at 487 (internal citations omitted).

Petitioner claims that New Mexico has created a "right" to good time credits. The New Mexico statutes at issue, however, create no such right. Although New Mexico law authorizes good time credit for prisoners in both state and county facilities, see State v. Aqui, 721 P.2d 771, 774-75 (N.M. 1986), the language authorizing such credits is discretionary, see N.M. Stat. Ann. § 33-2-34 ("Any inmate confined in the penitentiary . . . or other institution . . . designated by the corrections department for the confinement of adult criminal offenders *may* be awarded a meritorious deduction of thirty days per month upon recommendation of the classification committee and approval of the warden." (emphasis added)); id. § 33-3-9 ("The sheriff or jail administrator of any county, with the approval of the committing judge . . . , *may* grant any person imprisoned in the county jail a deduction of time from the term of his sentence for good behavior . . . ." (emphasis added)). Thus, the language contained in these statutes establishes that good time credits are merely a possibility and not a mandatory right.

The possibility of good time credits under New Mexico law does not create a liberty interest that implicates due process. Petitioner cannot prove that he

would have qualified for and received credits or that the state's action "inevitably affect[ed] the duration of his sentence." Sandin, 515 U.S. at 487. Like Sandin, this case presents a scenario that is "simply too attenuated" for constitutional protection. See id. The loss of the possibility to earn good time credits is a product of petitioner's incarceration in county jail for further sentencing. "[S]uch speculative, collateral consequences of prison administration decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (finding that placing prisoner in administrative segregation and depriving him of the possibility of earning good time credits did not involve a liberty interest); see also Antonelli v. Sheahan, 81 F.3d 1422 , 1431 (7th Cir. 1996) (holding that convicted prisoner with no access to good time credit program because he was incarcerated in county jail had no constitutional interest in the opportunity to earn credits); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (holding that termination from a job that automatically earned good time credits did not implicate any liberty interest).

Here we confront a claim very similar to that analyzed by the Seventh Circuit in Antonelli. In that case, Antonelli argued that his post-conviction detention in county jail denied him "the opportunity . . . to earn good time credits." Antonelli, 81 F.3d at 1431. The Seventh Circuit, citing Sandin, held that Antonelli "has no due process interest in the opportunity to earn good time

credits." Id. We find this reasoning applicable to the instant case.

Moreover, although petitioner asserts that the New Mexico courts, in Brooks v. Shanks, 885 P.2d 637 (N.M. 1994), recognized a liberty interest in good time credit, we do not read Brooks as establishing a broad general right to these credits. Brooks recognizes a due process right only when "a forfeiture or termination has been imposed in a manner that departs from or circumvents the statutory and administrative procedures prescribing how such a forfeiture or termination should be effected." See id. at 641. The petitioner in Brooks lost his eligibility to earn any future credits as a part of a disciplinary action that did not follow proper review procedures. See id. at 639-40. Thus, Brooks showed that the review of his punishment deviated from the statutorily imposed procedure. See id. In contrast, McDaniel-Ortega pointed to no violation of statutory procedure. Under New Mexico law, eligibility for good time credits begins when the prisoner is "confined to the penitentiary," N.M. Stat. Ann. § 33-2-34, or "imprisoned in the county jail," id. § 33-3-9.[3] New Mexico authorities did not transfer McDaniel-Ortega to the state penitentiary until completion of all his

---

[3]The parties agreed at oral argument that the good time provision for county jail incarceration, N.M. Stat. Ann. § 33-3-9, applies only to prisoners serving county sentences. The District Court of Chaves County ordered petitioner to serve his sentence with the state Department of Corrections, rendering him ineligible for credits under § 33-3-9. Moreover, we find no evidence in the record that the county facilities in which petitioner was incarcerated were "designated by the corrections department", N.M. Stat. Ann. § 33-2-34, to house state prisoners.

sentencing proceedings. Thus, Brooks does not apply.[4]

In sum, keeping a convicted offender incarcerated in county jail while he awaits additional sentencing does not constitute the kind of "atypical and significant hardship on the inmate" that creates a liberty interest. See Sandin, 515 U.S. at 484. Therefore, petitioner cannot establish a violation of the Due Process Clause.

## III.

Petitioner also makes an equal protection argument that he was treated differently than similarly-situated inmates who were incarcerated in the state penitentiary and eligible to earn good time credits. We hold that New Mexico's treatment of petitioner did not violate the Equal Protection Clause.

We review the state's distinction between petitioner and prisoners in the

---

[4]We note that the New Mexico Supreme Court decided Brooks a year before the Supreme Court issued Sandin, and it applied the test for determining the existence of a liberty interest that the Supreme Court abandoned in Sandin. Brooks relied upon Olim v. Wakinekona, 461 U.S. 238, 249 (1983), which held that a state could create a liberty interest by "placing substantive limitations on official discretion." Since New Mexico law established definitive procedures for reviewing removal of good time credits, the Brooks court found the law placed limitations on official discretion. See Brooks, 885 P.2d at 641.

The Supreme Court explained in Sandin that the Olim approach had led to a "search for a negative implication from mandatory language in prisoner regulations [that] has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." Sandin, 515 U.S. at 483. The Court abandoned that approach in favor of the "nature of the interests" test. See id. at 483-84. Because we find that Brooks does not apply to the present case, we need not decide whether the Sandin standard affects the validity of Brooks.

- 10 -

state penitentiary to determine whether it serves a rational purpose. See McGinnis v. Royster, 410 U.S. 263, 270 (1973); Lemieux v. Kerby, 931 F.2d 1391, 1393 (10th Cir. 1991). Keeping a felon in county jail until he has been sentenced for all of his multiple offenses serves the legitimate state interests of safety and economy. Transferring a prisoner to the state penitentiary between sentencing proceedings involves significant costs, poses a risk of escape, and increases the risk of harm to corrections employees and the public. The state's decision to keep petitioner in county jail until final sentencing therefore survives rational basis scrutiny. Cf. Lemieux, 931 F.2d at 1392-93 (upholding distinction between pre-sentence detainees, who are not eligible for credits, and incarcerated prisoners because the good credit scheme serves rehabilitative purposes that do not apply to pre-sentence detainees, who are presumed innocent until final entry of judgment and sentence); State v. Aqui, 721 P.2d 771, 775-76 (N.M. 1986) (same). Accordingly, petitioner's equal protection argument fails.

The district court's dismissal of McDaniel-Ortega's petition for a writ of habeas corpus is AFFIRMED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge