This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38262**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**STEPHEN BAKER,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr, LLC
Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**   Defendant appeals following the district court's revocation of his probation. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend and affirm.

**{2}**   To begin, we note that this Court considered in our proposed disposition arguments by Defendant that the district court erred in "allowing unverified hearsay testimony" regarding an alleged positive drug test and that Defendant's due process rights were violated because he was not allowed to meaningfully confront and cross-

examine alleged drug results. [CN 2, 5-6] In Defendant's memorandum in opposition, Defendant explicitly withdraws these issues from consideration. [MIO 6, 13]

{3}     In Defendant's memorandum in opposition, Defendant continues to advance an argument that probation and parole "neglected to attend to its stated goals to assist the probationer in successful completion of his probation." [MIO 12, 14] This Court considered this argument in our calendar notice and proposed to affirm, on the basis that "Defendant does not point us to any authority supporting his argument that these alleged failures by probation 'to comply with their own mandates and policies' led to a violation of Defendant's due process rights resulting in error." [CN 7] In his memorandum in opposition, Defendant "attempts to provide authority to the Court; however, without [trial counsel]'s input, it is difficult to know exactly what argument he was advancing." [MIO 14] Now, Defendant points this Court to statutory authority and case law reflecting that "when placed on probation, certain conditions apply." [MIO 14] Defendant directs this court to NMSA 1978, Section 31-20-6(F) (2007), which provides that the district court, in deferring or suspending a sentence, may order a defendant to "satisfy any other conditions reasonably related to the defendant's rehabilitation." [MIO 14] Defendant asks this Court to consider *State v. Baca*, 2004-NMCA-049, ¶ 18, 135 N.M. 490, 90 P.3d 509, where this Court held, "[t]o be reasonably related, the probation condition must be relevant to the offense for which probation was granted." [MIO 14] This authority still does not provide this Court with a basis for finding that the district court's decision revoking Defendant's probation was in error in this case.

{4}     Defendant asserts that he needed drug rehabilitation, and probation should have mandated drug screening or treatment as conditions of his probation. [MIO 15] However, there is no authority to support the contention that the district court erred in revoking Defendant's probation because the probation department failed to require drug rehabilitation, where the district court concluded that Defendant violated probation "by failing to abide by four separate conditions which appear to be: failing to report as required, failing to get permission before leaving the county, failing to cooperate with his electronic monitoring, and failing to provide a specimen for drug testing." [CN 5, RP 172] Ultimately, Defendant has not presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed disposition on this issue was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{5}     In his motion to amend his docketing statement, Defendant now seeks to add a single issue: that Defendant was denied his Sixth Amendment right to effective assistance of counsel. [MIO 6] *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in . . . the docketing statement[, but that

this] Court may, for good cause shown, permit the appellant to amend the docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition").

**{6}** In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42. For the reasons discussed below, we conclude that Defendant's ineffective assistance of counsel issue is not viable.

**{7}** Defendant contends he suffered several instances of ineffective assistance of counsel. [MIO 7-12] "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 . . . (1984)[.]" *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 (internal quotation marks and citation omitted).

**{8}** Defendant's motion to amend his docketing statement asserts that his trial counsel was deficient in several aspects during the probation revocation proceedings. Defense counsel's performance is deficient if his or her "conduct [falls] below that of a reasonably competent attorney." *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "[J]udicial review of the effectiveness of counsel's performance must be highly deferential, and courts should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 50, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted); *see also State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (stating that an appellate court presumes that counsel's performance "fell within a wide range of reasonable professional assistance" (internal quotation marks and citation omitted)). "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted).

**{9}** Defendant argues that he was denied effective assistance when his lawyer failed to consult with him either before the probation revocation hearing or afterward, such that his counsel was uninformed before the adjudication, as evidenced by his admission to the district court regarding the violations and as evidenced by the docketing statement with errors filed with this Court. [MIO 6-7] We begin with Defendant's allegations of trial counsel's deficient performance during the probation revocation proceedings. Defendant argues that his trial counsel failed to consult with him. Defendant claims that he met his trial counsel "[f]ive minutes before the hearing[.]" [MIO 5] Defendant maintains that his trial counsel "failed to communicate with him, since had he reviewed the case with [Defendant], he would have known that [Defendant] failed to submit to a UA and he cut off his ankle bracelet." [MIO 10] Nonetheless, trial counsel called Defendant to testify on his own behalf. [MIO 8] Defendant argues "there is no plausible explanation for calling [Defendant] on the stand—particularly when he had just met his client." [MIO 8] Defendant claims that trial counsel's "most egregious error . . . was placing his client squarely in the cross-hairs of the prosecutor, where [Defendant] proceeded to answer in the affirmative that he did, in fact, remove his ankle monitor, that he failed to report and that he was using drugs." [MIO 9] As Defendant argues and as this Court noted, it appears that, following the testimony, Defendant's counsel acknowledged to the district court that the State had proved the violations. [RP 169; CN 5; MIO 6, 12] Defendant also argues that, following his revocation, Defendant requested that trial counsel file a motion to reconsider, not a notice of appeal. [MIO 5, 8] Despite these apparent deficiencies, however, "if on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance." *Roybal*, 2002-NMSC-027, ¶ 21. Defendant's speculative allegations are insufficient to establish trial counsel's strategy in calling Defendant to testify on his own behalf could not have been a reasonable trial tactic. Further, "the amount of time counsel spent with defendant, without more, does not constitute ineffective assistance of counsel." *State v. Chamberlain*, 1991-NMSC-094, ¶ 47, 112 N.M. 723, 819 P.2d 673.

**{10}** Defendant also has not established "that the deficient performance prejudiced his defense." *Dylan J.*, 2009-NMCA-027, ¶ 36. A defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that the result of the trial would have been different." *Id.* ¶ 38 (omission, internal quotation marks, and citation omitted). "[M]ere evidentiary prejudice is not enough." *Roybal*, 2002-NMSC-027, ¶ 25. "Nevertheless, a defendant can be relieved of the burden of showing prejudice under certain circumstances, one of which is when he is denied the right of effective cross-examination." *Dylan*, 2009-NMCA-027, ¶ 38. Again, in Defendant's case, the district court concluded that Defendant violated probation by failing to abide by four separate conditions which appear to be: failing to report as required, failing to get permission before leaving the county, failing to cooperate with his electronic monitoring, and failing to provide a specimen for drug testing. [CN 5, RP 172] With evidence presented supporting multiple bases for the probation revocation [CN 4-5], Defendant has not established that he was prejudiced by trial counsel's alleged deficiencies, and thus has not established ineffective assistance as to the probation revocation proceeding themselves.

**{11}** We turn to Defendant's arguments that trial counsel was ineffective as to the filing of this appeal. As this Court noted in our calendar notice, "[w]e begin a sufficiency analysis in this case by noting that the facts relayed to this Court in the docketing statement appear to be inconsistent with those in the record proper." [CN 3] "Because of the inconsistencies in Defendant's statement of facts, we are required to closely review those available to this Court as part of the record proper." [CN 3] Now, Defendant points to those errors in his docketing statement as evidence of ineffective assistance of trial counsel. [MIO 6-7] Defendant argues "[m]isrepresenting facts from the trial court when presenting [the] appeal is not improvident strategy—it is at best a confusion and at worst a disservice to the client and trial counsel's obligation for truthfulness, candor and advocacy." [MIO 8] We note that appellate counsel included in the memorandum in opposition her efforts to confer with trial counsel in order to clarify Defendant's issues for appeal; however, appellate counsel was met with trial counsel's "apparent refusal to assist in the appeal of the case he tried and appealed." [MIO 3-4] Defendant argues that "failing to clarify issues which obviously misstated what happened at trial cannot be explained as a rational strategy or tactic." [MIO 8]

**{12}** As to these arguments that trial counsel was ineffective in initiating Defendant's appeal, again, Defendant has not established "that the deficient performance prejudiced his defense." *Dylan J.*, 2009-NMCA-027, ¶ 36. This Court has reviewed the merits of the current appeal as a remedy for trial counsel's failures in docketing Defendant's appeal. *See State v. Garcia*, 2019-NMCA-056, ¶ 48 n7, 450 P.3d 418 (noting that by this Court reaching the merits of his appeal, the defendant "received the remedy he was entitled to under the Sixth Amendment's right to effective assistance of counsel for appellate counsel's failure to perfect his original appeal"). This Court additionally has considered the viability of the issues raised in appellate counsel's memorandum in opposition and motion to amend. Defendant therefore has not been limited to consideration of the issues asserted in his original docketing statement nor bound by this Court's original summary affirmance. Accordingly, we conclude that Defendant's ineffective assistance of counsel argument is non-viable and deny Defendant's motion to amend on this basis.

**{13}** We note that much of Defendant's argument on appeal is supported solely by an interview between Defendant and appellate counsel, and thus, we are not privy to many details, including trial counsel's reasoning for decisions made during the probation revocation proceedings. [MIO 4-6] In other words, no record has been developed. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *Roybal*, 2002-NMSC-027, ¶ 19. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466; *see also Grogan*, 2007-NMSC-039, ¶ 9. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State*

*v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850. We note that Defendant may pursue his claim for ineffective assistance of counsel, if he chooses to do so, in a collateral habeas corpus proceeding.

**{14}** Finally, we note that counsel directs this Court to a form in the record proper entitled "Ninth Judicial District Court CCDC Disposition Sheet." [MIO 15-16; RP 171, 179] This form appears to provide information from the district court to the Curry County Detention Center as to an inmate's status. For example, it provides space for court staff to fill in what a defendant's bond might be or whether a defendant has been granted a furlough. [RP 171] To the extent that the district court judge did not circle whether "good time" was authorized, it does not appear that this form would be a dispositive document on this matter for the Department of Corrections, to which Defendant was to be remanded. [MIO 15-16] As to whether good time is authorized for Defendant during the sentence imposed by the district court in its order on the motion to revoke Defendant's probation [RP 172-73] and the judgment and sentence [RP 108-11], we note that the deduction of good time credits from an inmate's sentence is a discretionary matter entrusted not to the courts, but to the administrators of the Department of Corrections. NMSA 1978, § 33-2-34 (2015) (establishing eligibility criteria for earned meritorious deductions); *State v. Aqui*, 1986-NMSC-048, ¶ 9, 104 N.M. 345, 721 P.2d 771. Thus, Defendant's argument as to this form in the record proper is without merit.

**{15}** Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's probation revocation and deny his motion to amend the docketing statement.

**{16} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**